IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

TAMMY BLACKBURN, #170 041          *

     Plaintiff,                    *

     v.                            *          2:04-CV-604-MHT
                                                      (WO)
GLADYS DEESE, WARDEN               *

     Defendant.                    *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, Tammy Blackburn ["Blackburn"], an inmate proceeding *pro se*, filed

this 42 U.S.C. § 1983 action on June 21, 2004. Blackburn argues that Defendant

Gladys Deese violated her right to equal protection by denying her a job in the

Clothing Factory at the Julia Tutwiler Prison for Women due to her race.[1] Blackburn

requests  that Warden Deese provide her with the same opportunity which she

affords black inmates.

Defendant  filed  a  special  report  and  supporting  evidentiary  materials

_____

    [1]Blackburn  identifies herself as a white female.  (Doc. No. 2 at pg. 4.)

addressing Blackburn's claim for relief.   Pursuant to previous orders of this court, the undersigned deems it appropriate to treat this report as a motion for summary judgment. (*See* Doc. No. 11.)   Thus, this case is now pending on Defendant's motion for summary judgment.   Upon consideration of such motion, the evidentiary materials filed in support thereof, and Blackburn's opposition to the motion, the court concludes that Defendant's motion for summary judgment is due to be granted.

## I. BACKGROUND

In March or April of 2001 Blackburn was removed from her job in the Clothing Plant Factory ["the Factory"] located at the Julia Tutwiler Prison for Women.  Blackburn maintains that her race was the reason for her removal  and that since 2001 numerous white inmates have been removed from their jobs at the Factory simply because they are white.  (Doc. No. 1.)

Despite several requests made by the Factory plant manager and other prison officials that Blackburn be allowed to return to work at the Factory, Blackburn complains that Warden Deese continues to deny such requests.  Yet, between 2001 and 2004, Blackburn alleges that black inmates have lost their jobs at the Factory

due to disciplinary problems or other wrongful conduct, but they, nevertheless, have been allowed to return to Factory jobs.  (Doc. No. 1.)

Despite her exemplary work and institutional record, Blackburn contends that Warden Deese singled her out for  discriminatory treatment by not allowing her the same opportunity she allows black inmates with respect to working in the Factory and/or being re-hired for Factory jobs.   In her amended complaint, Blackburn further asserts that Warden Deese stated that she did not want another white inmate to have the office position at the Factory sought by  Blackburn.  (Doc. Nos. 1, 7.)

Warden Deese denies Blackburn's claim of discrimination.  As of the August 2004 date for preparation of the affidavit submitted  in response to the complaint, Warden Deese reported 48 white and 42 black Factory  employees.  Warden Deese maintains that a white inmate held the position  Blackburn sought , and she denies stating that she did not want white inmates working in the Factory office. According to the Warden's affidavit, job board assigns inmates to jobs at the Factory, and the Factory Supervisor then assigns an inmate to a specific job within the Factory.  Warden Deese states that Blackburn lost her specific job at the Factory

3

not because of her race but rather behavior considered to be a severe breach of prison security.[2]  Based solely on this past behavior while employed at the Factory, Blackburn is considered unsuitable for a job there.  (Doc. No. 9, Deese Affidavit.)

## II.  STANDARD OF REVIEW

For Blackburn to survive Defendant's properly supported motion for summary judgment, it is imperative that she produce some credible evidence supporting her constitutional claim.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Blackburn must therefore "go beyond the pleadings and ... designate 'specific facts showing that there is a genuine issue for trial.'"  *Id*. at 324.  A plaintiff's conclusory allegations do not provide sufficient evidence to oppose a properly supported motion for summary judgment.  *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984).  Consequently, when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial" summary judgment is due to be granted in favor

---

[2]Blackburn was suspected of using the Factory phone for personal use. Following an internal investigation into the matter, prison officials decided to remove Blackburn from her job at the Factory.  (Doc. No. 9, Deese Affidavit, Attachment - Institutional Incident Report.)

4

of the opposing party. *Celotex Corp.*, 477 U.S. at 322; *Barnes v. Southwest Forest Industries*, 814 F.2d 607 (11th Cir. 1987). Moreover, where the evidentiary materials before the court indicate that there is no genuine issue of material fact and that the defendant moving for summary judgment is entitled to it as a matter of law, the entry of summary judgment for this party is proper. *Celotex,* 477 U.S. at 322; *Everett v. Napper*, 833 F.2d 1507, 1510 (11th Cir. 1987). Although factual inferences must be viewed in a light most favorable to the plaintiff, and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing a genuine issue of material fact. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).

### III.  DISCUSSION

Blackburn maintains that she lost a job at the Factory and has not been re-hired there due to her race. In order to establish a claim cognizable under the Equal Protection Clause, a plaintiff must allege, at the very least, that she is similarly situated with other persons who were treated differently and that the differential treatment is based on race, religion, national origin, poverty or some other constitutionally protected interest. *Jones v. Ray*, 279 F.3d 944, 947 (11th Cir. 2001);

*Damiano v. Florida Parole and Probation Com'n*, 785 F.2d 929, 932-33 (11th Cir. 1986).

Additionally, the plaintiff must demonstrate the existence of discriminatory intent; arbitrary application of prison rules without discriminatory intent is insufficient to demonstrate a violation of the Equal Protection Clause. *Jones v. White*, 992 F.2d 1548, 1573 (11th Cir. 1993); *E & T Realty v. Strickland*, 830 F.2d 1107 (11th Cir. 1987).

> [O]fficial action will not be held unconstitutional solely because it results in a . . . disproportionate impact. . . . Proof of . . . discriminatory intent or purpose is required to show a violation of the Equal Protection Clause. Discriminatory purpose . . . implies more than intent as volition or intent as awareness of consequences. It implies that the decision maker . . . selected . . . a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group.

*Personnel Administrator of Mass. v. Feeney*, 442 U.S. 256, 279 (1979) (footnote and citation omitted); *see also Hernandez v. New York*, 500 U.S. 352, 359 (1991).

In a case such as this one, where Blackburn challenges the actions of a prison official, exceptionally clear proof of discrimination is required. *Fuller v. Georgia Bd. of Pardons and Paroles*, 851 F.2d 1307, 1310 (11th Cir. 1988). Evidence which merely indicates disparity of treatment is insufficient to show discriminatory intent. *McKleskey v. Kemp*, 481 U.S. 279 (1987).

Since this case is before the court on a properly supported motion for summary judgment from Defendant Deese, Blackburn bears the burden of producing some evidence to show that she was the victim of intentional racial discrimination. *See Celotex Corp.*, 477 U.S. at 322.  Assuming, without deciding, that Blackburn and those black inmates she alleges received favorable treatment from Defendant Deese were similarly situated, she has utterly and completely failed to demonstrate that she lost her job at the Factory and has not been re-hired there because of invidious discrimination on the part of Warden Deese.

The evidentiary materials filed by Defendant Deese establish that Blackburn's treatment arose from  facts and circumstances wholly unrelated to her race and is not the result of purposeful discrimination.  "Exact  equality is no prerequisite of equal protection of the laws within the meaning of the Fourteenth Amendment." *Norvell v. State of Ill.*, 373 U.S. 420, 423 (1963).   Here, other than Blackburn's conclusory allegations that the actions of Defendant Deese  were intentionally discriminatory, the record is devoid of any proof that the Warden either purposefully removed Blackburn from her job at the Factory and/or has purposefully refused to re-hire her because she is white.  Summary judgment is,

therefore, due to be granted in favor of Defendant Deese. *Celotex Corp.*, 477 U.S. 317.

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.   Defendant Deese's   motion for summary judgment (Doc. No. 9) be GRANTED;

2.   Judgment be ENTERED in favor of Defendant and against Plaintiff;

3.   This case be DISMISSED with prejudice;

4.   The costs of this proceeding be TAXED against Plaintiff for which execution may issue.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **June 21, 2006**.   Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party  objects. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements

in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit

handed down prior to the close of business on September 30, 1981.

     Done, this 9th day of June 2006.

                    **/s/ Delores R. Boyd**
                    DELORES R. BOYD
                    UNITED STATES MAGISTRATE JUDGE